THE PEOPLE OF THE STATE OF NEW YORK ex rel. CITY OF NEW YORK, Respondent, *v.* DAVID MORRIS et al.,. as Assessors of the Town of Fishkill, Appellants.

*Tax — New York city — exemption from taxation of property forming part of aqueduct system.*

People ex rel. City of New York v. Morris, 211 App. Div. 862. affirmed.

(Argued January 12, 1926; decided January 22, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 12, 1924, which unanimously affirmed an order of Special Term reducing an assessment levied against real property of the city of New York in the town of Fishkill on the ground that it was a part of its aqueduct system necessary to its full and complete operation and, therefore, exempt by law from taxation.

*Harry C. Barker* for appellants.

*George P. Nicholson,* Corporation Counsel (*Frank T. Fitzgerald* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

MAX GOLDEN, Doing Business under the Trade Name of STAFFORD SPRINGS WORSTED COMPANY, Respondent, *v.* T. A. SHAW & Co., Appellant.

*Contract — sale — principal and agent — action to recover for breach of contract of sale — defense that defendant executed contract as agent.*

Golden v. Shaw & Co., 212 App. Div. 872, affirmed.

(Argued January 12, 1926; decided January 22, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought to recover damages for breach of an alleged contract by defendant to sell and deliver to the

plaintiff certain merchandise. At the time of the making of the contract, the defendant's vice-president delivered to the plaintiff one of the defendant's sales notes signed with the defendant's name " T. A. Shaw & Co.," without qualification. This sales note bore the phrase " Sold for Account of Woolknit Mills, Eureka, California." The defendant which is being sued as principal, contends that it made the contract as an agent, and that the presence of the phrase above quoted in the sales note which it delivered to the plaintiff constituted an absolute notice to the plaintiff that it was acting as an agent.

*Graham Sumner* and *Whitney N. Seymour* for appellant.

*Harold R. Medina, Leander I. Shelley* and *I. Gainsburg* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

WILLIAM A. SINCLAIR, Respondent, *v.* QUEENS VILLAGE HOMES, INC., et al., Appellants.

*Contract — services — action to recover for services in construction and sale of buildings.*

*Sinclair* v. *Queens Village Homes, Inc.*, 214 App. Div. 738, affirmed. (Argued January 12, 1926; decided January 22, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 8, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover amounts alleged to be due plaintiff for services as superintendent of construction of certain buildings erected by defendants. The complaint alleged that plaintiff was to receive a weekly salary plus, as to one group of buildings, the sum of fifty dollars per house and as to another, one-half of one per cent of the selling price. The defendants denied that there was any agreement to pay on the second group anything in excess of the weekly salary.